LittletoN, Judge,
delivered the opinion of the court:
These cases are, in certain respects, companion cases to C-531 (11), this day decided on defendant’s motion to dismiss the supplemental petition. In the amended petition No. 11 filed in that case, to the original petition No. C-531, the groups or bands of Sioux Indians, whose claims are here involved, were joined.
As shown in our findings and opinion entered February 4, 1946, in these and certain other cases (105 C. Cls. 725), separate amended petitions, Nos. 18 to 24, inclusive, were filed so as to set up separately the claims of the separate groups or bands of the Sioux Tribe located and residing upon certain of the separate reservations created and set apart out of the Great Sioux [Reservation by the agreement of March 2,1889 (26 Stat. 1554). In the cases now under consideration, Nos. C-531 (18), (19), (21), (23), and (24), the Supreme Court entered an order in case No. 369 on December 16,1946, grant *52 ing certiorari, vacating the judgment, and remanding the cases to this court to enable us to determine whether the Indian Claims Commission Act of August 13,1946 (60 Stat. 1049), “gives rise to any claims’which petitioner [The Sioux Tribe] may assert to affect the judgment heretofore entered in this cause * *
Plaintiff has filed a supplemental petition in the five consolidated cases (18), (19), (21), (23), and (24), above-mentioned, asking that the findings and judgments entered therein, with respect to the claims originally made by the Sioux Tribe for and on behalf of these groups or bands of the tribe, be modified and increased under and pursuant to the provisions of Sections 2 and 11 of the Act of August 13,1946, supra (quoted in C-531 (11), this day decided).
The defendant has filed a motion to dismiss on the ground that the facts as found and entered by the court February 4, 1946, and those alleged in the supplemental petition, show that plaintiff is not entitled on the record to a modification of the findings and judgments heretofore entered, and that the plaintiff has no claims for additional amounts, which are allowable under said Act of August 13,1946.
The material allegations of the supplemental petition are, in substance, as follows:
That the item of $4,911,284.22 shown as the net excess expenditures in the account current summary, finding (a), 105 C. Cls. 672, 673, and charged by the court against the judgments allowed in favor of certain bands of plaintiff in the cases at bar, depends solely on the final decision in the preceding case, C-531 (11), in which a supplemental petition has been filed.
That if the final decision in case C-531 (11) is in accord with plaintiff’s supplemental petition, then the so-called net expenditures of $4,911,284.22 in excess of the permanent fund principal and interest, will not be in existence and will not be chargeable against the funds of plaintiff in the cases at bar. Whereupon, the decision of the court entered February 4, 1946, in the cases at bar, necessarily must be modified to provide net judgments in favor of the plaintiff for the amounts found to be due in the judgments entered February 4,1946, as follows:
*53 C-531 (18) $547,347. 60
C-531 (19) 338,256.40
C-531 (21) 23,347.60
C-531 (23) 751, 784.25
0-531 (21) 762,430.25
Total_ 2, 423,166.10
Plaintiff further alleges that in addition to the foregoing amount of $4,911,284.22, there have been charged as offsets against the funds of plaintiff derived from the sale of lands under the acts of Congress, hereinafter mentioned, by the decision of the court of February 4, 1946, supra, certain expenditures “for agency or other administrative, educational, health or highway purposes,” which are hereinafter set forth, and which expenditures were not questioned by plaintiff in the prior proceedings on the original claims leading up to the decision of February 4, 1946. Those expenditures, which plaintiff now alleges were illegally made from and charged against its own funds, are as follows:
CASE 0-5 31 (18), ROSEBUD RESERVATION, TRIPP COUNTY FUNDS
That the following expenditures were made by defendant from the Eosebud Three Percent Fund, which fund arose under the Act of March 2, 1907, 34 Stat. 1230, and which expenditures are barred by the terms of Section 2 of the Act of August 13, 1946:
Medical equipment and supplies_$10, 970.58
Education_417,152.33
Total- 428,122. 91
CASE C — 5 31 (19), ROSEBUD RESERVATION MEULETTE COUNTY EUND
That the following expenditures were made by defendant from the Eosebud Mellette County fund arising under the Act of May 30,1910,36 Stat. 448, and which expenditures are barred by the terms of Section 2 of the Act of August 13,1946:
Medical equipment and supplies_ $3,517.95
Education- 215,999.28
Total 219, 517.22
*54 CASE 0-531 (21), CROW CREEK RESERVATION, FOUR PERCENT PUND
That the following expenditures were made by defendant from the Crow Creek Reservation Four Percent Fund, which fund arose under the Act of March 2,1895, 28 Stat. 888, and which expenditures are barred by the terms of Section 2 of the Act of August 13, 1946:
Medical equipment and supplies- $382.65
Education- 66,591.96
Total_ 66,974.61
CASE 0 — 531 (23), CHEYENNE RIVER RESERVATION, LAND OPENING
That the following expenditures were made by defendant from the Cheyenne River fund arising from the sale of land of plaintiff under the Act of May 29,1908,35 Stat. 460, which expenditures are barred by the terms of Section 2 of the Act of August 13,1946:
Medical equipment and supplies_$24, 720.41
Construction of hospital- 34,401.64
Medical attention- 51.40
Construction of roads___ 58,403.29
Ambulance_ 1,765.15
Medical and funeral expenses--- 839.63
Education_ 362,238.06
Total_ 482,419.58
CASE C-531 (24), STANDING ROCK RESERVATION, LAND OPENING
The following expenditures were made by defendant from the Standing Rock fund arising from the sale of land of plaintiff under the Act of May 29,1908, 35 Stat. 460, and under the Act of. February 14,1913,37 Stat. 675, which expenditures are barred by the terms of Section 2 of the Act of August 13,1946:
Medical equipment and supplies-$16,374. 83
Construction of roads_ 90,299. 52
Medical attention_ 910.16
Caskets and coffins_ 5,000.04
Education_ 610, 742. 37
Total_ 723,326.92
*55 Plaintiff further alleges and contends, on the basis of the foregoing allegations in the supplemental petition and under Sections 2 and 11 of the Act of August 13,1946, that findings 80 and 81 of the findings heretofore made and entered by the court in these cases on February 4,1946 (105 C. Cls. 767,770), should be vacated and withdrawn; that the second and third paragraphs of the conclusion of law relating to offsets (105 C. Cls. 770, 771), should be vacated and withdrawn ; that judgment for the net amounts, totaling $2,423,-166.10, set forth in the first paragraph of the conclusion of law, swpra, should be entered with interest from February 4,1946, and that a further net judgment should be entered under the Act of August 13,1946, for $1,920,361.25, with interest, representing the totals of the expenditures disbursed by the defendant from plaintiff’s funds, for the purposes and in the amounts hereinabove set forth, as follows:
0-531-(18)-$428,122.91
C-531-(19)- 219,517.23
0-531-(21)- 66,974.61
0-531-(23)- 482,419.58
0-531- (24)- 723,326.92
Total- 1, 920,361.25
We are of the opinion that the findings of fact, conclusion of law, judgment, and opinion heretofore entered in the cases now under consideration (105 C. Cls. 725) were and are correct and should not be modified or changed; that plaintiff is not entitled on the record to judgment for any additional amount or amounts under the allegations of the supplemental petition and the Act of August 13, 1946, and that defendant’s motion to dismiss the supplemental petition must be allowed.
It will be noted from the allegations of the supplemental petition and from our former findings made and entered in these cases (from which findings the disbursements and amounts now claimed are taken), that the amounts now claimed represent disbursements made by the Government, as trustee, from the separate funds of the groups or bands of Sioux Indians and for their benefit, on whose behalf .the additional claim for the restoration of these disbursements from public funds is now made by plaintiff for the first timé.
*56 • Plaintiff says that the court, in its judgment set forth in the conclusion of law entered February 4,1946, “charged as offsets against the funds of plaintiff derived from the sale of lands under acts of Congress * * * certain expenditures for ‘agency or other administrative, educational, health or highway purposes’ * * * which expenditures are barred by the terms of the said Act of August 13,1946.” The “expenditures,” so tabulated, are taken from and consist of certain items of disbursements from plaintiff’s funds, for plaintiff’s benefit, as set forth in our findings of February 4,1946, and it is clear from the record, upon which plaintiff stands, that these disbursements were not used or charged by the court as offsets in the decision of February 4,1946. The original suit involving these cases was for an accounting by defendant as to the receipts and disbursements with respect to plaintiff’s funds. That accounting was filed and plaintiff questioned the propriety and legality of certain disbursements made from ahd charged against its funds. We allowed certain of the claims made and entered judgment for the restoration to plaintiff’s funds of the amounts found to have been improperly disbursed therefrom or to have been disbursed for purposes which constituted obligations of the Government, existing by reason of the. situation and relationship of the Government and the Indians, or for obligations which had been assumed by the Government under treaties, agreements, or acts of Congress. . The only offsets allowed by the court were in connection with the claim of the Government for reimbursement of expenditures or advancements made by it from public funds under section 17 of the agreement of March 2,1889 (to which these groups or bands were parties), which we held was a valid and legal claim and allowable under the provisions of sections 17 and 22 of that agreement. Portions of the excess expenditures of $4,911,284.22, over the total permanent fund principal and interest, were used ahd applied to the amount of approximately $2,423,166.10 against the several amounts found to be due plaintiff in these cases. As a result, we held that plaintiff was not entitled to recover and dismissed the petition.
The claims advanced and set up in the supplemental petition are not therefore allowable as improper offsets made *57 under any of the provisions of Sections 2 and 11 o.f the Indian Claims Commission Act of August 13,1946. The provision in section 2 of that Act as to the non-allowance as offsets of “monies spent for * * * agency or other administration, educational, health or highway purposes,” upon which the supplemental petition is based, had reference, as the Act expressly declares, to “money or property given to or [public] funds expended gratuitously for the benefit of the claimant.” The sums set up and claimed in the supplemental petition were not monies given to or expended from public funds gratuitously for the benefit of plaintiff, and we think it is clear that they cannot be allowed by way of reimbursement under the provision of section 2, relied upon.
The claims now made for the first time are not.allowable under any other provision of Section 2 of the Act of 1946. No legal or equitable obligation rested upon or had been assumed by the Government to bear the cost out of public funds of providing the medical attention, hospitals for the Indians, education, roads within the, reservations, and caskets and coffins, for which plaintiff now makes claim, so long as plaintiff had ample funds of its own out of which payment could be made for these services and objects. The acts of Congress under which the funds arose, and from which these disbursements were made, specified that the funds arising thereunder should be held in trust at interest, payable by the Government, and used for the benefit of the groups or bands of Indians to which such funds belonged.
The Government did no more, insofar as the claims now made are concerned, than carry out, as the trustee for the Indians, the provisions' and purposes of these acts of Congress which were enacted for the benefit and in the best interest of the Indians concerned. In the circumstances and under the facts there is obviously no basis for a claim that fair and honorable dealings require the Government to bear these expenses out of public funds by restoring to plaintiff’s funds the amounts disbursed therefrom for the purposes mentioned. We do not consider or discuss the question whether the claims now made for the first time as a new cause of action, are barred by the statute of limitations, when viewed in the light of the language of section 11 of the Act' of' 1946.
*58 The claim of plaintiff with respect to the elimination of the offsets, representing reimbursable expenditures under the 1889 agreement, used and applied against the amounts originally awarded in these cases, is denied on the authority of our opinion and decision this day entered, dismissing the supplemental petition in case C-531 (11).
We find from the record in these cases that the Act of August 13, 1946, does not give rise to any claim or claims which plaintiff may legally, equitably, or in good conscience assert to affect the judgment heretofore entered in these cases on February 4, 1946.
The supplemental petition is, therefore, dismissed, and the judgment of the court as set forth in the conclusion of law heretofore entered February 4, 1946, is approved, affirmed, and re-entered. It is so ordered.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Jones, Chief Justice, concur.